Oh, yay. Oh, yay. Oh, yay. The Honorable Appellate Court, 5th District, State of Illinois is now in session. The Honorable Justice Cates presiding along with Justice Welch and Justice Moore. The first case this morning is 5-21-0-2-2-1, People v. Feggins. Arguing for the appellant, Kendrick Feggins, is Christopher Selah. Arguing for the appellate, People of the State of Illinois, is Timothy Berkley. Each side will have ten minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to proceed. Good morning, gentlemen. Morning. Morning, Your Honor. You all ready to proceed on this case? Yes, Your Honor. Okay, Mr. Selah, if you want to begin on behalf of Mr. Feggins. Yes, Your Honor. Thank you. Your Honors Counsel, and may it please the court. I'm assistant appellate defender Chris Selah and I represent the defendant appellate in this case, Mr. Kendrick Feggins. That issue was whether Mr. Feggins' defense counsel was ineffective for failing to present any evidence or argument in mitigation at sentencing because he was under the mistaken belief that he was prohibited from doing so. As the briefings in this argument will show, the answer to this question is yes, and this court should vacate Mr. Feggins' sentence and remand his cause for a new sentencing hearing. Ineffective assistance is governed by the familiar two-part Strickland test, which requires a showing of two elements. One, that defense counsel's performance fell below an objective standard of reasonableness as governed by modern professional norms, and two, that but for counsel's ineffectiveness, there's a reasonable probability that the outcomes of the proceedings would have been different. Under United States v. Chronic, the analysis of the first element remains the same. However, where counsel's performance is so deficient that it amounts to no assistance at all, prejudice will be presumed. Mr. Feggins argues that he suffered ineffective assistance under either standard. Beginning with deficient performance, it is clear that Mr. Feggins' defense counsel did not render the level of assistance required by the Sixth Amendment. At the argument phase of sentencing, defense counsel stated that he believed he was prohibited from arguing for factors of mitigation because Mr. Feggins maintained his innocence and intended to appeal. While it is true that there's case law prohibiting attorneys from arguing for factors of mitigation that would conflict with the defendant's desire to maintain his innocence, there are other factors of mitigation that do not speak to either guilt or innocence. In People v. Richardson and People v. Evans, our Supreme Court held that the failure to present additional mitigation evidence was not prejudicial, specifically because that evidence would have conflicted with the defendant's desire to maintain his innocence, and counsel had already presented other mitigation evidence that did not speak to the defendant's guilt or innocence. Here, defense counsel failed to present any evidence or argument in mitigation beyond generalities and platitudes. This failure was clearly not the result of defense counsel attempting to avoid speaking to Mr. Feggins' guilt or innocence because counsel specifically stated that he believed he was prohibited from presenting any mitigation evidence. Had counsel been aware of the state of the case law at the time of Mr. Feggins' sentencing hearing, he likely would have known that he was not acting under any such prohibition, and he likely would have investigated Mr. Feggins' case more thoroughly for mitigation evidence to present. The failure to do so constitutes deficient performance, and this Court should next analyze whether Mr. Feggins suffered prejudice as a result. Under Chronic, counsel's performance may be so deficient that prejudice is presumed in three circumstances. One, where counsel, where the defendant is denied counsel at a critical stage. Two, where counsel entirely fails to subject a prosecution's case to meaningful adversarial testing. Or three, where counsel is called upon to represent a client in circumstances under which no lawyer could provide effective assistance. Mr. Feggins' case implicates the first two conditions of chronic prejudice. First, Mr. Feggins was denied counsel at a sentencing hearing, which is a critical stage of trial. In his response brief, the state spends much time pointing out that defense counsel cross-examined witnesses and argued for a minimum sentence at the hearing. However, the cross-examination put forward by defense counsel was in service of an argument that the trial court could not make a finding of any bodily harm at the sentencing hearing. This argument was incorrect as a matter of court before continuing with this argument that was dead on arrival. Thus, it is now no counterpoint to this cross-examination when it did not serve any purpose other than to waste time. Additionally, defense counsel's so-called argument for a lesser sentence was little more than a request for the minimum. There was no evidence provided to support such a minimum sentence and no argument as to why Mr. Feggins was an appropriate candidate for a minimum sentence. Instead, counsel's argument amounted to little more than a request for the minimum because Mr. Feggins would rather not receive the maximum. Simply put, counsel did not- Commissioner Johnstone? Yes, Your Honor. What mitigating factors should have been argued? That's the whole thrust of this appeal, Your Honor, is that there were, counsel failed to investigate any mitigating factors. And so, searching through the record and through the PSI, there was some information, including information about Mr. Feggins' intellectual and mental disabilities, his family life, more information about his criminal history. But the whole point is that counsel failed to investigate or present any mitigation evidence by his own words because he believed he was prohibited from investigating or presenting that evidence. And so, any argument about what could have been presented would involve, as the state argues and Mr. Feggins admits, a deep amount of speculation. However, that's the problem. Because counsel entirely failed to do any investigation or presentation, this court and Mr. Feggins are only left with speculation instead of a fully complete record that would have otherwise been made had counsel not been deficient. Does the case law require that you have to go out and search for evidence? Does chronic require that? Chronic requires that counsel not either not abandon the defendant at the sentencing hearing or not fail to put the state's case to any meaningful adversarial testing. And in this instance, while defense counsel did cross-examine witnesses and present argument, everything counsel did was in service of an argument that he knew and admitted was contrary to great bodily harm at sentencing. There was no investigation or argument put forward about any rehabilitative evidence for Mr. Feggins. Nothing investigator put forward about mitigation. And thus, that is the crux of the deficient performance and the prejudice prongs in this case. If this court relies on Strickland, the record still clearly shows that Mr. Feggins suffered prejudice from counsel's deficient performance. The state argues that Mr. Feggins wanted defense counsel to read off the PSI so that the sentencing court could have better considered the evidence of sentencing. In actuality, Mr. Feggins argues that defense counsel should have investigated anything relating to his rehabilitative potential prior to the sentencing hearing, which counsel's own statements show that he did not do. In its brief, the state's argument against Strickland prejudice has no real substance to it, instead simply laying out the arguments at sentencing and the court's finding before arguing that no reasonable probability exists that Mr. Feggins' sentence would have been lesser but for defense counsel's deficient performance. There is no engagement with the fact that counsel relied on argument that he knew to be incorrect as a matter of law, mistakenly believed that case law prohibited from assisting Mr. Feggins during mitigation, or that the sentencing court did not find any factors of mitigation specifically because defense counsel did not advocate for any. It is axiomatic that a sentence will likely be mitigated if at least some evidence and argument are investigated and made in support of mitigation rather than being purposefully ignored. To be sure, the PSI was part of the record at sentencing and the court took it into account. However, a PSI is merely a starting point for mitigation investigations. Much of the PSI in this case was based on self-reporting, requiring counsel to look further into Mr. Feggins' claims regarding his intellectual and mental disabilities. There is also information about Mr. Feggins' family life that could have been brought out through witnesses and counsel not mistakenly believed he was prohibited from investigating the matter. There was so much more that could have and should have been brought forward but was not because counsel's mistaken understanding of the law denied Mr. Feggins that right. In sum, counsel was effectively not present at the sentencing hearing. The only things counsel effectively argued for were points that he readily admitted were inapplicable as a matter of law. Going further, counsel announced to the court his mistaken belief that he could not assist his client in mitigation whatsoever. At no point did he contest the state in any meaningful way and he did not do anything to support Mr. Feggins in getting a lower sentence. At the very least, counsel did not render any assistance that Mr. Feggins was not capable of supplying on his own. More was required of an attorney when representing criminal defendants. Because counsel's performance was deficient and Mr. Feggins suffered prejudice under either the chronic or strickland standards, this court should vacate his sentence and remand for him at this time. Justice Moore? No. Justice Welsh? No questions. Okay. Thank you, Mr. Seeloff. You'll have a few minutes for rebuttal. Mr. Berkley? Thank you, Your Honor. May it please the court and counsel, my name is Tim Berkley. I represent the appellee and the people. In this case it comes down to a claim of ineffective assistance of counsel. The case all arises because the defense counsel made a comment at the sentencing hearing. I've quoted that comment in my brief on page 10. From that comment, the defendant argues that the defense counsel believed he was prohibited from presenting mitigating evidence. There's nothing about that comment that would make defense counsel believe he was prohibited from presenting mitigating evidence. Instead, defense counsel in that one comment establishes that he's experienced because he's familiar with the relevant factors and that he has made arguments about the relevant factors in the past. So what he says is, given that the defendant is maintaining his innocence and plans to appeal, a number of the factors that he would argue generally or ordinarily I think is the term he uses are inapplicable. So when you go through and you look at those factors in mitigation, it's a perfectly honest statement. Those factors in mitigation, there's some that you would normally or ordinarily argue on most cases that you can't argue because the defendant is maintaining his innocence. So there's nothing about that comment that this court should assume that counsel believed he was prohibited from presenting mitigating evidence. He's simply acknowledging that these factors are not going to be applicable and those are factors that he's argued before the court before. I would point to like factor eight where, let me pull it up. It says the defendant's criminal conduct was the result of circumstances unlikely to reoccur. So that's the kind of mitigating factor that you might argue on most cases if you have gone to trial and your client was convicted. But on cases where your client's maintaining his innocence, that factor is not one that would be applicable. So that's how I read that comment. I don't see that it's a prohibited. So I don't think he can show that there was deficient performance here. Additionally, he argues for a chronic, he argues that the chronic applies in this case as though the defense counsel abandoned his client at the sentencing hearing. Well, the record clearly establishes that he didn't abandon his client. He cross-examined the state's witnesses. He made an argument that the injuries were not as bad as the state was presenting them. So part of the strategy here was to attack that finding that there was great bodily harm, which affects the sentence. And the counsel points out that he understood that he was on shaky legal grounds there, making an appending argument for that. But the point of that strategy is to minimize the physical injuries in this home invasion that took place. Additionally, counsel cross-examined, as I recall, counsel cross-examined the state's concerning the severed charges. Well, that was being presented at the sentencing hearing. So that alone is sufficient to get past chronic. His argument for chronic is, you know, there's just no real merit to that. Counsel also argued for a lesser sentence. Again, the argument for a lesser sentence would take it out of chronic. There's two cases that have applied chronic and those are extreme cases where there truly was an abandonment or actually the lawyers who acted against their clients' best wishes when they were involved with it. So I don't think chronic is a legitimate argument. So then you move on to prejudice. If he fails to show that there's deficient performance, you don't even have to get to prejudice. But here, what defense counsel is trying to argue is that we don't know what the prejudice is because counsel believed it was prohibited from presenting mitigating factors, presenting mitigating evidence. Well, that underlying premise there is fundamentally flawed because there's no real evidence of that. And second, I made an argument for, you know, one of the factors that could possibly apply, but it was presented through the PSI. So there's no real prejudice from that. So I don't think counsel can meet his burden of showing that there's a reasonable probability that the outcome of the sentencing would be different based on his allegation or speculation that there's some mitigation out there. He doesn't point to any of the mitigation. He doesn't argue, hey, counsel could have looked into this area. It's all based on speculation. It's his burden in this case. It's his burden to prove that there's a reasonable probability that but for counsel's actions, the outcome would have been different. That's all I have, unless there's any questions. Okay, Mr. Berkley. Justice Welch? No questions. Justice Moore? No questions. Okay. Thank you, Mr. Berkley, for your argument. Mr. Seloff, any rebuttal? Yes, Your Honors. Thank you. Briefly, two points on rebuttal. First, the state argues that defense counsel argued mitigation generally, and that he was simply saying that in most cases, more mitigation factors would apply, but they don't in this case, because he's maintaining his innocence and wants to appeal. And that's all he was saying. That's simply not true. He wasn't simply arguing that generally, most mitigating factors don't apply in this case. He said, most mitigating factors that I would normally argue don't apply. And then he went on to not argue any mitigating factors. He simply said, the state's arguing for maximum sentence. We'd really rather not. Could you just give us the minimum? The other, the preceding five pages before those three short paragraphs in the transcript, again, were in the argument that counsel, at the very first instances of making that argument, said, I understand that the case law says that this argument doesn't work. I know that I'm admitting that this argument fails before I even make it. Here's five pages of me arguing that argument. I know as a matter of law to not be applicable before this court. And then after going through those five pages of arguments, at the end, he said, you know, generally, I probably would argue more things, but he's maintaining his innocence. So we'd rather not get the maximum sentence. Could you give us the minimum? I don't understand how anybody could argue that that is not taken as counsel saying, I'm not investigating anything. I'm not putting forward anything in mitigation. That argument that he was simply relying on his experience is simply belied by the record. Perhaps it's technically true that that is what he said, but the functional reality is that it resulted in counsel not investigating or presenting any mitigating evidence. And this leads into my second point, which supports it, the prejudice argument that because it's all in the PSI anyways, it doesn't really matter. The court could have looked it up anyways. But that dovetails with the argument I made at the end of my initial time, which is that what was the point of having counsel then there? If the only thing Mr. Fagans needed was the court to at that point, if that's truly the state's argument, what counsel is there to do is to investigate the record, to present evidence and witnesses, to make an argument. That's the purpose of why we have the effective assistance of counsel, and more importantly, the ineffective assistance of counsel standard. If your job is to represent your client and put forward the best case possible, especially when you are limited by the fact that your defendant is maintaining his innocence and specialized knowledge as a defense attorney is required by your defendant to investigate matters that are present in the PSI, to put forward more evidence and investigation than was put forward here, which was, as counsel effectively admitted, and more importantly, as the record reveals, nothing. He didn't do anything to assist his client in getting a lower sentence. The state points to cross-examination about great bodily harm. But again, given counsel's, the lion's share of counsel's time, when actually given a chance to argue before the court, he used that evidence in service of an argument that he admitted was incorrect as a matter of law and was dead on arrival. At the very least, the argument for judicial performance, I believe, is clear on the face of the record. And even if this counsel finds that, this court finds that chronic does not apply, surely there is at least a very strong argument for Strickland prejudice because had counsel done anything to investigate the record beyond just relying on a PSI that he didn't point to at all at any point whatsoever in the sentencing hearing, surely the outcome would have been different. And that is why the ineffective assistance standard should apply to this case and why Mr. Fagan's sentence should be vacated and the cause remanded for a new sentencing hearing. And with the final minute, if your honors have any questions, I'm happy to no questions. Justice Moore. No questions. Okay. Thank you, gentlemen, for your arguments today on this matter. The court will take it under advisement and we will issue an order in due course.